# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2007

Charles R. Fulbruge III
Clerk

No. 07-50569
Summary Calendar

Francisco M. Martinez

Plaintiff - Appellant

v.

Michael J. Astrue, Commissioner of Social Security

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:06-CV-588

Before JONES, Chief Judge, and REAVLEY and PRADO, Circuit Judges.

PER CURIAM:[*]

The Commissioner of Social Security denied Francisco Martinez's claim for disability insurance benefits under Title II of the Social Security Act. Because that decision is supported by substantial evidence and is in accordance with the law, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I

Martinez filed an application for disability insurance benefits in approximately December 2003. An Administrative Law Judge ("ALJ") reviewed over 300 pages of documents concerning Martinez's back, wrist, and elbow impairments, and also heard testimony from a medical expert, a vocational expert, and Martinez himself. The ALJ concluded on November 21, 2005 that Martinez was not disabled. When the Appeals Council denied Martinez's request for review, the ALJ's decision became the Commissioner's final decision for judicial review. Martinez filed suit, and the matter was referred by consent to a magistrate judge. The magistrate judge, acting as the district court, upheld the ALJ.

II

Martinez claims that the ALJ erred in concluding he was not disabled. We review the Commissioner's decision to deny social security benefits only to determine whether the decision is supported by substantial evidence and based on proper legal standards. Brown v. Apfel, 192 F.3d 492, 498 (5th Cir. 1999); Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994).

In finding that Martinez was not disabled, the ALJ correctly executed the five-step inquiry required by 20 C.F.R. § 404.1520. The ALJ first determined that Martinez was not currently engaged in substantial gainful employment. Second, the ALJ concluded that some of Martinez's impairments—namely, his back, wrist and elbow difficulties, and his obesity—were severe. Third, the ALJ found that Martinez was not entitled to a presumption of disability because none of his severe impairments, either individually or collectively, corresponded to an impairment specifically listed in the regulations. Fourth, the ALJ found that Martinez was capable of performing his past work as a retail store manager or collections manager as that work is performed in the national economy. Finally,

the ALJ determined that Martinez was able to perform other jobs as well, including rental clerk and order clerk.

In concluding that Martinez could perform a number of jobs, the ALJ found that Martinez was able to lift and carry 10 to 20 pounds, could walk or stand for four hours and sit up to six hours in an eight-hour day with the opportunity to change position every thirty minutes, climb stairs, bend to 60 degrees, make occasional, intermittent use of his right wrist, and perform other regular tasks. The ALJ further concluded that Martinez's subjective complaints of pain were only partially credible. These findings were based on substantial evidence, including Martinez's own testimony, his medical records, and the expert opinions offered at the hearing. In her decision the ALJ detailed the factual basis for her conclusions, and the magistrate judge did the same in affirming the ALJ. We find here no reversible error of fact or law.

Martinez also claims on appeal that he was not permitted adequately to develop the record before the ALJ. This claim is without merit. At the conclusion of the initial hearing, the ALJ asked if there was anything further. Neither Martinez nor his attorney advised the ALJ, at the hearing or afterward, of any need to present additional records. We will not reverse the decision of an ALJ for failure to develop the record fully and fairly unless the claimant can show prejudice. In other words, Martinez must show that he "could and would have adduced evidence that might have altered the result." Carey v. Apfel, 230 F.3d 131, 142 (5th Cir. 2000) (internal citation omitted). Here, Martinez has not shown that he had any additional material evidence to produce. The ALJ reviewed an extensive record and made detailed findings on the extent of Martinez's lumbar and cervical discomfort, wrist and elbow impairments, hyperthyroidism, and obesity. The ALJ's findings are based on substantial evidence from a well-developed record, and Martinez has not established otherwise.

Nor do we find the additional evidence Martinez has proffered to this court to be persuasive. The Appeals Council is permitted to consider additional evidence only if it is new, material, and related to the period on or before the ALJ's hearing decision. 20 C.F.R. §§ 404.970(b), 404.976(B). This court, in turn, may remand for the consideration of additional evidence only if it is new and material, and if there is good cause for the claimant's failure to incorporate the evidence into the record in a prior proceeding. 20 C.F.R. § 405(g); Haywood v. Sullivan, 888 F.2d 1463, 1471 (5th Cir. 1989).

Martinez's additional evidence fails to meet these standards. His fill-in-the-blank workers' compensation reports completed by various physicians are not probative here for several reasons. First, even if Martinez was disabled for workers' compensation purposes, that fact would not be binding on the Commissioner. Different agencies apply different standards and the Commissioner is required to make an independent determination based on social security law. 20 C.F.R. § 404.1504; See Harrell v. Bowen, 862 F.2d 471, 481 (5th Cir. 1988). Second, workers' compensation reports that post-date the ALJ's decision have no bearing on whether the ALJ correctly determined that Martinez was not disabled as of November 21, 2005. Third, any reports that pre-dated the ALJ's decision should have been submitted to the ALJ if Martinez thought them pertinent, and he has shown no good cause for his failure to do so. Finally, to the extent Martinez's workers' compensation reports were included in the record below, we agree with the Appeals Council that they do not render the ALJ's decision contrary to the overall weight of the evidence. 20 C.F.R. § 404.970(b).

The physicians' records and reports Martinez submits are likewise immaterial. These documents, describing Martinez's condition in 2006 and 2007, do not relate to the disability period, and do not prove that the ALJ's determination was erroneous in November 2005. Furthermore, the conclusory statements of various physicians that Martinez is disabled are not probative

here. The determination of disability is reserved exclusively to the Commissioner, and ultimate opinions on this point are not pertinent where they are not supported by relevant evidence. 20 C.F.R. § 404.1527(e).

In conclusion, the ALJ's decision was based on substantial evidence in accordance with the correct legal standards. Martinez has neither demonstrated otherwise nor proffered any new evidence warranting remand to the Commissioner.

AFFIRMED.